FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2024 JUN -7   A 9: 45

|  |  |
|---|---|
| TERRY STEELE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ANTONY BLINKEN | ) |
| Secretary, | ) |
| U.S. Department of State, | ) |
| Agency. | ) |
| | ) |
| Defendant. | ) |

1: 24 cv 981

Agency Number DOS-0194-20

June 07, 2024

## COMPLAINT

The Plaintiff, TERRY STEELE, *pro se,* states as follows in support of his Complaint

against the Defendant, Antony Blinken, Secretary of the United States Department of State

("DOS"):

### JURISDICTION AND VENUE

1.       This action is brought pursuant to the Title 42 § 2000e-5 of the United States

Code and Privacy Act of 1974; 5 U.S.C. § 552a.  Jurisdiction is specifically conferred on the

Court by Title 28 §§ 1343, 1391; Title 29 § 621 et seq.  Equitable relief and other relief are also

sought pursuant to Title 42 § 2000e-5(g) of the United States Code.

2.       This Court is an appropriate venue for this cause of action pursuant to 28 U.S.C.

1391(b)(1)-(2).  The actions took place in this judicial district, as well as interstate, as well as

international in foreign countries.  Mr. Steele at all time, employed in this judicial district and the

Department of State (DOS) location at which Mr. Steele worked is present and conducts affairs

in this judicial district.

1

3.      Venue under 42 U.S. Code § 1981 - Equal rights under the law for a party to give evidence and participate with every other citizen.  Case law demonstrates a single, severe incident creates a hostile work environment action under § 1981 and thus allows a legal complaint.

4.      Mr. Steele filed a Charge of Discrimination in the Equal Opportunity Employment Commission ("EEOC") alleging violations of Title VII of the Civil Rights Act of 1964, including violations for a hostile work environment created by dissemination of private and privileged investigation records solely for the purposes of reprisal.

5.      Plaintiff fulfilled the obligation of a hostile environment see court cases for images as plaintiff submitted see *Jackson v. Flint Ink north America Corp.*, 370F.3d 791,795 (8th Circuit)

6.      From *Laurent-Workman v. Christine Wormuth, U.S. Department of Army*, "all personnel actions affecting employees or applicants for employment in the executive agencies shall be made free from any discrimination based on race, religion, national origin." § 2000e-16(a)

7.      On November 8, 2023, Mr. Steele submitted a Request for Reconsideration of his Appeal to the OFO.  On March 26, 2024, the OFO denied Mr. Steele's Request for Reconsideration, and issued a right to file a civil action within that decision.

8.      Appeal is allowed for a clearly erroneous interpretation of material fact or law

9.      Appeal is allowed where it will have impact on policies or practices of the agency

**PARTIES**

1.      Mr. Steele is a resident of the Commonwealth of Virginia.

2

2. Department of State, (DOS) is an agency of the United States government, responsible for leading America's foreign policy.

## FACTUAL BACKGROUND

3. This matter arises from Mr. Steele's employment with U.S. Department of State.

4. At all times relevant to this complaint Mr. Steele worked as a GS-14 Mechanical Engineer (series 830) in the Commissioning Branch of the Bureau of Overseas Buildings Operations ("OBO"), in Rosslyn, Virginia. Also relevant, Mr. Steele worked in Cairo, Egypt as an independent contractor for OBO, building the tallest U.S. Embassy.

During his time with Department of State, Mr. Steele is the most experienced civil servant, and considered a subject matter expert in multiple areas. Mr. Steele credentials were accepted by Honorable Judge Watkins for the Armed Services Board of Contract Appeals as ASBCA 32023, December 20, 1985; as an expert, especially in the Middle East. Mr. Steele was accepted as an authority by multiple attorneys within the legal staff to the Department of State. (See Exhibit 2 Chris Grant Letter)

5. On or about 1985 agency's attorney Linda Jacobson petitioned Mr. Steele to testify about findings related to construction in court. The New York Times wrote an article about gross mismanagement as related to construction projects in Cairo. Exculpatory evidence, which the FBO Project Director alone could speak and provide testimony were withheld in the case by the aforenamed agency attorney. (See Exhibit 3 New York Times)

6. Mr. Steele on or about June 1993 filed a complaint against U.S. Department of State through the Office of Inspector General, represented by Ambassador Lupo. Mr. Steele experienced a hostile work environment from Diplomatic Security, the law enforcement part of

3

the Department of State engaging in a coverup, and crime as related to Complainant's testimony in Egypt before ASBCA and Judge Watkins.  This harassment continues.

7.      Relevant material facts ignored by Judge Droste are fraud and personnel violations.  See Exhibit 1.  The agency fully admits to criminal fraud in 1995 after Congress intervenes in which it states Mr. Steele does not have a job.

8.      Mr. Steele filed a formal complaint against Department of State, in which he alleged throughout 2016, 2017, 2018, 2019, 2020 that he experienced a hostile work environment and coupled with ratings of less than "Outstanding" on multiple performance evaluations following management's discovery of his protected activity.  Many of the named management officials, including Brian Miles ("Mr. B. Miles"), Lisa Kyriienko ("Ms. Kyriienko"), and Stephen Ziegenfuss ("Mr. Ziegenfuss") and Executive Cynthia Saboe were aware of Mr. Steele's prior protected activity.  This is executive discrimination.

9.      On September 7, 2017, there was a verbal death threat made outside of Mr. Steele's cubicle.  See *Reedy v. Quebecor Printing Eagle, Inc.*, 333 F.3d 906, 909, (8th circuit) an image served as a death threat.  This material fact presents a single actionable incident ignored by the EEOC.

10.     Mr. Steele's confidential personal information, obtained from Federal Bureau of Investigation ("FBI") reports and Internal Revenue Service (IRS), discussed within the office. The information discussed includes information about Mr. Steele's finances, taxes, relationships, free associations, education, background, and personal travel.  Mr. Steele's personal information was disclosed on multiple occasions following this incident.  FBI reports include the Plaintiff's background investigation, and from other investigators Directorate of National Intelligence, the Defense Investigation Service.

4

11.     Mr. Steele was stalked by numerous individuals connected to Department of State beginning in 1990.  Al Burkhart PhD, with Central Intelligence Agency is a witness to Matt Pernick's stalking.  In 1993 Ambassador Lupo is a witness to harassment in the workplace that continues to the present.  Material evidence in the EEO Report of Investigation (ROI), ignored by the EEOC Wahington Field Office.

12.     The Privacy Act was enacted to protect individual privacy interests.  Agency records contain personal information, including prior work history, medical records, financial information, personnel actions, private conversations, personal contacts, and a variety of other sensitive information.  As relevant here, the statute bars the Department of State, the Federal Bureau of Investigation, and other federal agencies from disclosing covered records about individuals unless an exception applies or the individual subject of the record consents to the disclosure in writing. *See* 5 U.S.C. § 552a.  No exception ever given.

13.     On numerous occasions, there were comments and allegations made against Mr. Steele of a sexual nature, including comments and actions such as:

    a.   "Caught him horizontal" (supervisor Knox Burchett declared in the SA6 work environment)

    b.   "Six girlfriends" (Myna Mills a coworker SA6 work environment)

    c.   "Sex magazines" were left in his hotel room business trip to Minneapolis, Minnesota and Honeywell training, as well as stalkers using private and personal information (PII)

    d.   On or about July 15, 2019, Ms. Kyriienko called Mr. Steele "abnormal."

5

14.     Throughout his employment with Department of State, Mr. Steele was subject to ongoing and continuous harassment of the same nature as detailed above.  See Exhibit 7, Hostile Sexual Harassment.

15.     Mr. Steele exceeds outstanding in nine metrics which include more projects, complex problem-solving skills which peers do not have.  See Exhibit 4 for Quantity, see Exhibit 5 for proven background and quality see Exhibit 6 for executive management skills and innumerable work performance awards.

16.     Management metrics are opposite; a lack of experience as required for the job description and lack of education.  No prior history of success.

17.     Plaintiff is received his position on merit, is highly qualified, sought out, and accepted by other highly qualified coworkers.  See *University of Texas Southwest Medical Center v Nassar*, 570 U.S. 338.

## FACTUAL BACKGROUND

18.     Plaintiff successfully states claim of discrimination on the basis of age, religion, hostile working environment, hostile sexual harassment environment, protected disclosure for participating in equal employment opportunity and protected disclosure for mismanagement and threat to the public safety as declared by the Office of Inspector General and fraud as defined under Federal Civil Rule of Evidence 201(b)(2), stating  that a "court may judicially notice a fact that is not subject to reasonable dispute because it…can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned."

19.     November 17, 1990, Plaintiff is over 40 years of age and discriminated against on the basis of age.  On November 17, 1990, a required non-disclosure agreement never issued for

6

new civil service position. Evidence under 201(b) (2). Material fraud and a crime. It established the date of deceit on November 17, 1990. See Exhibit 1.

20.     Executive discrimination, November 30, 2017, in the Office of Civil rights a series of complaints put forward with Executive Cynthia Saboe, EEO Resolving Official. Establishes imputable executive discrimination. Federal Civil Rule of Evidence 201(b)(2).

21.     On November 30, 2017, attorney Jaclyn D. Greenstein heard plaintiff address Cynthia Saboe and explain a 100 pages of outstanding technical reports and recommendations for a mega multi hundred-million-dollar project, a war zone project. This met with non-interest and apathy. The attorney colluding with executive management and violating the principle of a fair and impartial hearing. Federal Civil Rule of Evidence 201(b)(2)

22.     After the meeting of November 30, 2017, the EEO staff forwarded the plaintiff's memo of allegations to Diplomatic Security (DS bureau) declaring the plaintiff's allegations criminal. (See Exhibit 10) Federal Civil Rule of Evidence 201(b)(2).

23.     January 2018 Diplomatic Security special agent John Gatlin received the allegations and opened a Diplomatic Security case. (See Exhibit 11) Federal Civil Rule of Evidence 201(b)(2)

24.     A critical requisite for employment is a security clearance. A legal and signed non-disclosure agreement (NDA) required. The requirement for Plaintiff's position is a top secret clearance. Federal Civil Rule of Evidence 201(b)(2).

25.     U. S. Department of State is violating law see Exhibit 1 and engaging in deceit described in 5 U.S.C. §2302(b)(4). Deceit is affirmed by the Defense Investigative Services. Federal Civil Rule of Evidence 201(b)(2). Plaintiff does not have a job, material evidence

ignored by the court. Exhibit 1 serves the purpose of defining the acts of the agency as unlawful, it further shows the nexus of public corruption and favoritism.

26.     Perjury from agency attorney "Complainant has filed multiple EEO complaints since 2017, with non-specific allegations unsupported by any documentary evidence. Complainant's untimely, unfounded, repetitive, and implausible allegations do not warrant any expansion of the record …" Fact: allegations are specific, the person identified, the date identified, the surrounding evidence identified. U.S. Department of State admits to fraud and other crimes. Ethics fact: 11. Employees shall disclose waste, fraud, abuse, and corruption to the appropriate Authorities; 5 C.F.R. 2635.101 (b).

### COUNT I: HOSTILE DISCRIMINATION AND REPRISAL

27.     Private tax records with tax schedules of information were disseminated for purely punitive reasons. Independent contractors and expatriates follow different IRS rules and allow overseas exclusion for work in the middle east. (See Exhibit 9).

28.     Charitable information as declared and as undeclared (Barclays Bank - London) were discussed for the purpose of ridicule. The stated reasons for Defendant's conduct were not the true reasons, but instead were pretext and hide the Defendant's discriminatory actions toward Mr. Steele. Pretext covers up wrongful actions and illegal activities.

29.     A legal review and appeal with the IRS were discussed with claims from coworker Samuel Levinrad, "…did not pay his taxes." A defamation slur from Samuel Levinrad in 1993 at SA-6 work environment. Tax obligations for international ex-patriates and independent contractors follow different filing rules and include an "overseas exemption" IRS form 2555 for federal income purposes see Exhibit 9.

30.     As a result of the hostile, offensive and discriminatory behavior by the Defendant, and its agents and employees, and the failure of the Defendant to protect Mr. Steele from such discrimination, Mr. Steele suffered humiliation, emotional distress, and the necessary tangible action of a lowered rating making necessary the discrimination claim before the court. A tangible action is the necessary EEO factor. Refer to DOS EEO training.

31.     Title 42 § 2000e-5(f) of the United States Code permits Mr. Steele to file a civil action against Department of State for its discrimination against him.

32.     During the course of his employment with Department of State the Defendant, by and through its agents and employees, discriminated against Mr. Steele in the terms, conditions and privileges of his employment in various ways, in substantial part because of his prior protected activity.  A protected disclosure made in 1993 to the Inspector General, Ambassador Lupo.

33.     On numerous occasions, there were comments and allegations made against Mr. Steele of a sexual nature, including comments and actions such as:

   a.  "Sex magazines" were left in his hotel room

   b.  Illicit magazines sent to his home through the United States Postal Service mail

   c.  Illicit material sent through various methods via computer search engines, emails, or advertisements

All repulsive in nature, hostile graffiti or images sent by the Department of State to my personal household see *Reedy v. Quebecor Printing Eagle, Inc.*, 333 F. 3d 426, 437 (8th Circuit) and slurs against my family members (see Exhibit 14); *Jackson v. Flint Ink North American Corp.*, 370 F.3d 791, 795, (8th Circuit 2004).

9

34. The Defendant through its agents and or employees and executives failed to control, discipline and/or otherwise penalize the conduct, acts, and failures to act as described above with respect to the hostile discrimination suffered by Mr. Steele, even when brought to the attention of law enforcement.

35. The Defendant failed to take all necessary and reasonable steps to eliminate hostile sexual discrimination from the workplace and to prevent it from occurring in the future. As a further direct and proximate cause of Defendant's violation of Discrimination in Employment Act as described above, plaintiff retained the services of counsel as well as acted *pro se* in an effort to protect his rights with respect to the Defendant's unlawful treatment and incurred and will continue to incur legal fees and costs, the full nature and extent of which are presently unknown.

## COUNT II: PRIVACY ACT AND MATERIAL FRAUD

36. Violations of the Privacy Act were filed with the State Department's Office of Inspector General; no conclusions were provided, and the case is open. Privacy Act violations were filed with the bureau of Diplomatic Security (DS bureau and Special Agent Gatlin) and no conclusions were provided; the case is open.

37. The Privacy Act provides a private, cause of action "[w]henever any agency . . . fails to comply with any other provision of this section, or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual." 5 U.S.C. § 552a (g) (l) (D).

38. Material fraud is validated by the following admission from Freedom of Information disclosures wherein the following is stated: with reference to Mr. Steele was "…granted a TOP SECRET Clearance on September 16, 1989, and that clearance was

terminated on November 30, 1991, upon your termination of employment which required the clearance." (See Exhibit 1). This corroborates a fraud and a prohibited personnel practice, namely deceit. *Nota bene,* this is from the Defense Investigation Service and not the Department of State.

39.     Medical fraud is validated by the following.  It validates a false and fraudulent medical date of 2016 for entry into a hospital for the sole purpose of an unlawful termination as stated in the letter.  And then, a forced requirement to sign an unlawful and fraudulent non-disclosure agreement.

40.     Privacy Act violations were a requisite for an optimal effect of intimidation even while granting the "Outstanding" rating for the previous twenty years to Mr. Steele; as examples:

-"…his uncle went to Harvard."  On or about 07 January 2017 by Duane Pinnix while overseas in Kabul, is source developed information; directly related to public corruption and privacy act violation.  It is developed information which only U.S. government official investigators can develop.  Obtained illegally as no criminal predicate was in place.

Or, another example

-"…wasted G.G." ; the nick name of Dr. George Gilbert Steele II; implying the agency or other agencies killed Mr. Steele's brother in the first degree.  See Exhibit 12 with 12 date stamped emails to Plaintiff account with deceased brother's name.  Note specificity; ignored by Judge, a form of hostile and wicked harassment.

-"…taking out the I.G., DS's reputation is on the line…" on 28 March 2017 at 1:34 pm; which translated means the "Inspector General" of the Department of State will be killed by Diplomatic Security (DS).

- ..."he's surrounded..." by Lisa Kyriienko; February 2018. Translated this means under electronic surveillance by multiple agencies.

41.  Defendant engaged *ex parte* with the EEOC Judiciary to suborn Justice. Agency attorneys engage in perjury by stating the issues were discussed in Alternative Dispute Resolution when in fact only one issue discussed in response after Plaintiff read a series of allegations related to EEO and more serious allegations as related to felony behavior.  As matter of fact, Plaintiff did the talking and all executives walked out of the meeting.  Expansion of the record warranted due to direct interference with the judicial process by agency attorney discussing plaintiff case with Judge *ex parte*; the judge denying Alternative Dispute Resolution (ADR).  See Exhibit 12.  The claim of hostile sexual harassment is not a repeat issue.  It is new. The claim was never accepted by the Office of Civil Rights and must by necessity be resubmitted.  Rule 56 does not apply to new evidence and is misapplied by Judge.  Judge Droste implies that six different Human Resources personnel, four (4) multiple informal EEO counselors, the contracting office, and Office of the Inspector General personnel are liars.  This is unfounded.

42.  The EEOC Field Office denied illegally the lawful request for Alternative Dispute Resolution which alone is the decision of the Plaintiff and not contingent on the court, Judge or agency attorney.  This multiple material facts ignored by the Judge and are violations of law and written court policy.  See Exhibit 12.

43.  Complainant is not required to show the agency conducted an ultimate employment action, such as a constructive discharge.  See *Eric M. v. Department of Justice*, EEOC App. No. 2019005414, December 31, 2020.  The law requires a tangible action and such tangible action occurred in 2017, when Brian Miles and Lisa Kyriienko failed to follow standard

12

personnel procedures.  The crime committed November 17, 1990, the date of hiring.  Judge

Droste again state  "…discretion to carry out personnel policy absent evidence of unlawful

motivation." (*Laurice S. v. Soc Sec Admin* EEOC App. Number 01080646).  This statement

indicts the first line manager and second line manager and Judge because they gained their

position through favoritism and while Plaintiff gained his position on merit.  Exhibit 1 identifies

the unlawful motivation with direct evidence.


## COUNT III: HOSTILE SEXUAL DISCRIMINATION

44.      The images in the Report of Investigation are conclusive direct evidence of a

hostile sexual environment (See Exhibit 7).  The images are violations of law.  This material

evidence not addressed, by Judge Droste; not addressed by executives.  Images emanate from DS

bureau and IRM bureau (IRM manages computer internets and data trafficking) as part of an

overall discrimination pattern like *Morgan*, multiple discrete images along with, other hostile

remarks, from the beginning and continual.  Title VII's anti retaliation provisions construed to

protect employees who complain about sexually offensive images or conduct that, if repeated

often enough would result in an actionable sexually hostile environment.  Plaintiff provides

direct evidence and images with specificity and section 704(a) prohibits discrimination against

an employee because he has opposed any practice made an unlawful employment practice …"  If

the conduct exposed was not actually unlawful, as long as plaintiff believed it was unlawful, that

satisfies the law.  *EEOC v. Navy Federal Credit Union*, 424 F3d 397, 406 (4th Circuit, 2005).

The images are planned, orchestrated, purposeful for the intent of a constructive discharge and

sent through the USPS mail, computer cables, TV cables and other means.

45. Sexual harassment would not have occurred but for the fact of his sex otherwise it is a violation of the privacy act and violation contract law. A careful reading of Droste convey unoriginal thought having no bearing on the issues at hand. *Oncale v. Sundowner Offshore Services Inc*, 523 U.S. 75, (1998) is a sexual harassment case. Droste is arguing how to break the law. A case that establishes the matter of degree is *Walker v. Mod-U-Kraf Homes, LLC*, 988 F. Supp. 2s 589 (4th Circuit, 2013); while *National Railroad Passenger Corp v. Morgan* 536 U.S. 101 2002, establishes multiple discrete hostile acts repeated over and over as a part of employment, that alter the employment conditions, are actionable and that plaintiff has been discriminated against. The employer is liable.

46. From *Laurent-Workman v. Wormuth, Secretary, U.S. Army* 54 F.4th 201 (4th Circuit 2022) "…we observed that the federal sector provision regulates "all personnel actions." ((Citing 2000e-16(a)) That means the federal sector provision outlaws a broader range of employer conduct that the substantive discrimination provision, which covers activity related to "compensation, terms, conditions, or privileges of employment." Falling short of being ultimate employment decisions." Citing *Page v. Bolger*, 645 F.2d 227, 233 (4th Circuit,1981)

47. For the record, Plaintiff does not make derogatory statements about anyone, or conceal motives, or have a hidden agenda; the truth alone is sufficient. Plaintiff does not stalk as executives do even in 2024. See Exhibit 13 for Zaldy Sabino case and public corruption. Plaintiff does not say like Brian Miles "has a bad background" as he did on April 11, 2024.

48. Commenting on Summary Judgement: Precluding grant of dismissal under Federal Rule of Civil Procedure 12(b)(6), *Wilcox v. Lyons*, 970 F3d 452 (4th Circuit 2020) if the complaint contains factual allegations the raise a right to relief above the speculative level,

14

thereby nudging [the] claims across the line from conceivable to plausible." Dismissal is improper. *Hately v. Watts,* 917 F.3d 770, 72 (4th Circuit, 2019) and quoting *Aziz v. Alcolac, Inc.,* 658 F.3d 388, 391 (4th Circuit, 2011). Before this court are undeniable records confirming discrimination on multiple accounts.

49.     Before the district court, it is clear the EEOC Washington Field Office did not read the case, did not review the case, did not offer evidence contrary to claims put forward. It is clear the United States Postal Service (USPS) investigator made no effort to review materials, form an opinion or even read evidence from Plaintiff in the Report of Investigation. It is clear the State Office of Civil Rights when it comes down to following the law, does not, since the investigator never inquired or sought out Plaintiff. Plaintiff's view of the matter never sought, or asked why images were offensive which is a requirement. All EEO Manual requirements mandated yet not acted out. Pre textual comments are made every year from 2016 and refuted every year since 2016 to present.

A Motion for Religious discrimination is put forward and if court accepts the motion an amended pleading will be added.

WHEREFORE, the Plaintiff, TERRY STEELE, seeks judgment against the Defendant, ANTONY BLINKEN, SECRETARY OF THE UNITED STATES DEPARTMENT OF STATE, in an amount that will compensate him for:

A.     Defendants' willful Violation of his rights under Title VII of the Civil Rights Act of 1964.

B.      Defendants' willful Violation of his rights under the Privacy Act of 1974; and damages fees and costs per 5 U.S.C. § 552a (g) (4) (A) and 5 U.S.C. § 552a (g) (4) (B) and an undetermined amount.

C.      Compensatory damages including lost wages, past and future and/or impairment of power to earn money; physical pain, hospital costs, emotional distress and humiliation, past and future;

D.      Punitive and exemplary damages to punish the Defendant for its willful, wanton, oppressive, malicious and/or grossly negligent conduct;

E.      A permanent injunction against future acts of discrimination against the Plaintiff by the Defendant;

F.      Costs expended herein, including attorneys' fees;

G.      Pre-judgment and post-judgment interest; and

H.      Any and all other relief to which he may be entitled with follow up including medical costs.

I.      Engage a special prosecutor for criminal referrals and indictments.


**TRIAL BY JURY IS HEREBY DEMANDED.**


TERRY L. STEELE
*Pro se*


_____   June 7, 2024

Terry L. Steele
12914 New Parkland Drive
Herndon, VA 20171
Phone: 703-435-7661 / 703-994-6233

# CERTIFICATE OF SERVICE

I, Terry Steele, hereby certify that I served the court via the drop box and agency *via* PACER the following Complaint.

Provided on June 7, 2024, as follows:


RE: *Terry L. Steele v. U.S. Department of State*

Appeal No. 2022002061
Hearing No. 570-2021-01131X
Agency No. DOS 0194-20

*via* PACER to:
Antony Blinken
Secretary, U.S. Department of State
Agency
The Executive Office
Office of the Legal Adviser
Suite 5.600; 600 19th Street, NW
Washington, D.C.  20522

*via* PACER to:
U.S. Department of State
Office of the Legal Adviser
L/EMP; HST Room 6421
2201 C Street, N.W.
Washington, D.C. 20520
Telephone: (202) 736-7704
Facsimile: (202) 647-6794

*via* PACER to:
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530-0001

*via* PACER to:
Office of the U. S. Attorney for the Eastern District of Virginia
Justin W. Williams United States Attorney's Building
2100 Jamieson Ave
Alexandria, VA 22314

 *via* Drop box:
Office of the Clerk
United States District Court
Eastern District of Virginia
401 Courthouse Square
Alexandria, VA  22314-5798

Enclosures as stated by Complainant:
*via* Pacer and *via* Drop box:
Signed by Mr. Terry L. Steele
Fairfax County
12914 New Parkland Drive
Herndon, VA 20171

Plaintiff:
Mr. Terry L. Steele
Email: terrysteele1@verizon.net;
Email 2: SteeleTL@state.gov

Signed: *Terry L Steele*

Date: *June 7, 2024*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRIGINIA**
**ALEXANDRIA  DIVISION**

FILED

Terry L. Steele
_____
                    Plaintiff(s),

         v.

2024 JUN -7 A 9: 45

Civil Action Number:  1: 24 CV 981

US Dept. of State, Anthony Blinken, Sec. of State
_____
                    Defendant(s).

# LOCAL RULE 83.1(M) CERTIFICATION

**I declare under penalty of perjury that:**

**No attorney has prepared, or assisted in the preparation of**     Steele v. DOS, Anthony Blinken    .
                                                              **(Title of Document)**

  Terry  L. Steele
_____
Name of *Pro Se* Party (Print or Type)

_____
Signature of *Pro Se* Party

Executed on:  ___June 7, 2024_____  (Date)

<strong>OR</strong>

**The following attorney(s) prepared or assisted me in preparation of** _____.
                                                              **(Title of Document)**

_____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document

_____
(Name of *Pro Se* Party (Print or Type)

_____
Signature of *Pro Se* Party

Executed on: _____  (Date)