IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

TERRY STEELE,                          )
                                       )
        Plaintiff,                     )
                                       )
    v.                                 )   1:24-cv-981 (LMB/IDD)
                                       )
ANTONY BLINKEN,                        )
                                       )
        Defendant.                     )

ORDER

On June 7, 2024, pro se plaintiff Terry Steele ("plaintiff" or "Steele") filed a three-count 193-page Complaint against defendant Antony Blinken, in his official capacity as Secretary of State, [Dkt. No. 1], as well as eight miscellaneous motions, [Dkt. Nos. 3, 4, 5, 6, 7, 8, 9, & 10].[1] Because plaintiff filed what the Court will construe as a motion to proceed in forma pauperis, [Dkt. No. 4] ("Motion for Court Fee"), the Court has an obligation to screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), which provides that the Court "shall dismiss" an action filed in forma pauperis "at any time if the court determines that" the action is "frivolous" or fails to state a claim. A frivolous complaint "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The Complaint contains three counts: "Hostile Discrimination and Reprisal" (Count I), "Privacy Act and Material Fraud" (Count II), and "Hostile Sexual Discrimination" (Count III). [Dkt. No. 1] at 8-13. The facts alleged in support of each of these counts are substantially

---

[1] Motion for Court Appointed Attorney, [Dkt. No. 3]; Motion for Court Fee, [Dkt. No. 4]; Motion for Religious Discrimination, [Dkt. No. 5]; Motion to Add EEO Agency, [Dkt. No. 6]; Motion for Class Action, [Dkt. No. 7]; Motion for Adding Freedom of Information Act Discovery, [Dkt. No. 8]; Motion for Amended Complaint, [Dkt. No. 9]; and Motion for Time Extension to Amend, [Dkt. No. 10].

similar, if not identical, to those alleged in two previous complaints in this district—both of which were dismissed.[2] See Case No. 1:22-cv-35-RDA-JFA (Steele v. Blinken) (counseled); Case No. 1:22-cv-65-RDA-JFA (Steele v. Blinken) (pro se). Plaintiffs cases were consolidated into Case No. 1:22-cv-35-RDA-JFA, at which time the government filed a motion to dismiss for failure to state a claim, [Dkt. No. 14]. Plaintiff, through counsel, opposed the government's motion, and on October 19, 2022, Judge Alston issued a thorough and well-reasoned memorandum opinion granting the government's motion, dismissing plaintiff's complaints, and closing plaintiff's consolidated cases. See Consolidated Civil Action No. 1:22-cv-35, [Dkt. No. 31]. Plaintiff filed a Notice of Appeal, id., [Dkt. No. 32], and the United States Court of Appeals for the Fourth Circuit summarily affirmed Judge Alston's decision in a one-paragraph unpublished opinion, id., [Dkt. No. 40].

Because plaintiff's claims mirror those brought in his previous complaints, the Court will not consider them on the merits—plaintiff has fully ventilated his claims at the district court and appellate court levels, and both courts have found that they lack any basis in the law. Plaintiff may not get another bite at the apple by filing the same claims in a new civil action.

Moreover, plaintiff's miscellaneous motions, filed on the same day that he filed his Complaint, fare no better. Plaintiff's request for appointed counsel, [Dkt. No. 3], is improper because plaintiff does not have an absolute right to appointment of counsel in a civil case and he

---

[2] For example, in the instant Complaint, plaintiff alleges "Steele filed a formal complaint against the Department of State, in which he alleged throughout 2016, 2017, 2018, 2019, 2020 [sic] that he experienced a hostile work environment and coupled with ratings of less than 'Outstanding' on multiple performance evaluations following management's discovery of his protected activity." [Dkt. No. 1] at ¶ 8. This is the exact same allegation that is contained in the complaint filed in Case No. 1:22-cv-35, [Dkt. No. 1] at ¶ 7. Other similarities between the allegations abound. Given the extreme overlap of issues, the Court adopts the reasoning in Judge Alston's opinion as applying to, and further justifying, dismissal of this civil action with prejudice.

2

has failed to demonstrate "[e]xceptional circumstances" justifying the need for counsel.[3] See Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Plaintiff's "Motion for Religious Discrimination," [Dkt. No. 5], which the Court will construe as a motion to amend the complaint to add a claim for religious discrimination, is without any basis in law or fact because the motion contains no information as to plaintiff's religion or how his religion serves as the basis for any purported discrimination. Plaintiff's Motion to Add EEO Agency, [Dkt. No. 6], is an attempt to relitigate the merits of his claims that were dismissed by Judge Alston in 2022, see id. at 2 ("[T]he Diplomatic Security bureau engaged in deceit and threatens national security . . . and withheld exculpatory information."). Plaintiff's Motion for Class Action, [Dkt. No. 7], is without support considering the claims he is attempting to relitigate relate only to alleged discrimination against him, and plaintiff has not identified any putative class for which collective action would be appropriate. Plaintiff's Motion for Adding Freedom of Information Act Discovery, [Dkt. No. 8], is nonsensical, as it requests discovery into whether the State Department used "nanotechnology illegally for surveillance" to withhold exculpatory information in his previously filed cases. Plaintiff's Motion for Amended Complaint, [Dkt. No. 9], is merely a recitation of his request to "introduce[] multiple motions . . . to correct the record," which the Court will construe as an attempt to relitigate his previous cases. Lastly, plaintiff's Motion for Time Extension, [Dkt. No. 10], requesting an additional 90 days in which to amend his Complaint, will be denied in an exercise of the Court's discretion to manage its docket and to screen frivolous litigation.

---

[3] Moreover, plaintiff did not attach a financial affidavit to his motion; therefore, the Court has no basis on which to conclude plaintiff qualifies for appointment of counsel.

3

For these reasons, it is hereby

ORDERED that plaintiffs' miscellaneous motions, [Dkt. Nos. 3, 4, 5, 6, 7, 8, 9, & 10], be and are DENIED; and it is further

ORDERED that plaintiff's Complaint, [Dkt. No. 1], be and is DISMISSED WITH PREJUDICE.

To appeal this decision, plaintiff must file a written notice of appeal with the Clerk of the Court within sixty (60) days of the date of entry of this Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives plaintiff's right to appeal this decision.

The Clerk is directed to forward copies of this Order to plaintiff Terry Steele, pro se, and Assistant United States Attorney Dennis Barghaan, and close this civil action.

Entered this 14th day of June, 2024.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge